VORYS, SATER, SEYMOUR AND PEASE LLP
Thomas N. McCormick (SBN 325537)
tnmccormick@vorys.com
2211 Michelson Drive, Suite 500
Irvine, CA 92612
Telephone: (949) 526-7903
Fax: (949) 526-7903

*Attorneys for Defendants*
*Signet Jewelers Limited and Sterling Jewelers Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIEE GARCIA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SIGNET JEWELERS LIMITED and STERLING JEWELERS INC.,<br><br>*Defendants*. | Case No.: 2:25-cv-06358-MCS-SSC<br><br>**DEFENDANTS SIGNET JEWELERS LIMITED AND STERLING JEWELERS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**<br><br>Date: December 1, 2025<br>Time: 9:00 AM<br>Location: Courtroom 7C<br>Judge: Hon. Mark C. Scarsi |

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................. 1

II. ARGUMENT .................................................................................................... 1

    A. Plaintiff Has Not Met Her Pleading Burden ............................................. 1

    B. Each of Plaintiff's Claims Fail to Comply with Rule 9(b) ........................ 4

        1. Plaintiff Fails to Identify the Who, What, When, Where, and How of Alleged Misconduct .......................................................... 4

        2. Allegations Made on Information and Belief Are Inadequate ........ 7

    C. Plaintiff's Request for Injunctive Relief Is Insufficient ............................. 8

    D. Plaintiff Fails to State a Fraud Claim ........................................................ 9

    E. Plaintiff's Claims Are Barred by the Economic Loss Doctrine ............... 10

    F. Plaintiff Fails to State a Claim for Unjust Enrichment ............................ 11

    G. The Court Should Strike the Complaint's Class Allegations .................. 12

III. CONCLUSION ............................................................................................... 13

i

DEFENDANTS SIGNET JEWELERS LIMITED AND STERLING JEWELERS INC.'S
REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 2:25-cv-06358-MCS-SSC

# TABLE OF AUTHORITIES

**CASES**

*Allagas v. BP Solar Int'l, Inc.*, 2014 U.S. Dist. LEXIS 55857 (N.D. Cal. Apr. 21, 2014) ............................................................................................. 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................... 4, 10

*Bigler-Engler v. Breg, Inc.*, 213 Cal. Rptr. 3d 82 (2017) ................................ 10

*Boldt v. Caesarstone USA, Inc.*, 760 F. Supp. 3d 1016 (C.D. Cal. 2024) .......... 4, 5

*Castillo v. Seagate Tech., LLC*, No. 16-cv-01958-RS, 2016 U.S. Dist. LEXIS 187428 (N.D. Cal. Sept. 14, 2016) ........................................................ 3

*Clements Fam. Trust v. Vimmia, LLC*, 2025 U.S. Dist. LEXIS 189057 (C.D. Cal. May 27, 2025) ................................................................................. 5

*Committee on Children's Television, Inc. v. General Foods Corp.* 35 Cal. 3d 197 (1983) .................................................................................................. 3

*Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962 (N.D. Cal. 2016) ............................................................................................. 11

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) ................ 3

*Eason v. Roman Catholic Bishop of San Diego*, 414 F. Supp. 3d 1276 (S.D. Cal. 2019) ............................................................................................. 9

*Fayer v. Vaughn*, 649 F.3d 1061 (9th Cir. 2011) ............................................. 4

*Gavriliuc v. TEKsystems, Inc.*, 2021 U.S. Dist. LEXIS 16975 (C.D. Cal. Jan 26, 2012) ................................................................................................. 6

*Gonzalez v. Childs. Place, Inc.*, 2024 U.S. Dist. LEXIS 213358 (C.D. Cal. Nov. 21, 2024) ............................................................................................... 8

*Gruen v. EdFund*, 2009 U.S. Dist. LEXIS 60396 (N.D. Cal. July 15, 2009) .............................................................................................................. 3

*Harris v. Atlantic Richfield Co.,* 14 Cal. App. 4th 70 (Cal. Ct. App. 1993) ... 10

*In re Arris Cable Modem Consumer Litig.*, 2018 U.S. Dist. LEXIS 1817 (N.D. Cal. Jan. 4, 2018) ................................................................................ 3

*In re Rigel Pharms., Inc. Secs. Litig., Inter-Local Pension Fund GCC/IBT v. Deleage*, 697 F.3d 869 (9th Cir. 2012) ....................................... 4

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ............................. 3

*Kulp v. Munchkin, Inc.*, 678 F. Supp. 3d 1158 (C.D. Cal. 2023) ................... 2

*Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097 (N.D. Cal 2012) ................... 3

ii

**DEFENDANTS SIGNET JEWELERS LIMITED AND STERLING JEWELERS INC.'S
REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 2:25-cv-06358-MCS-SSC**

*Lisner v. Sparc Grp. LLC*, 2021 U.S. Dist. LEXIS 249558 (C.D. Cal. 2021) .......................................................................................................... 6, 7

*Lyons v. Bank of Am.*, 2011 U.S. Dist. LEXIS 145176 (N.D. Cal. 2011) ..................... 13

*Mendoza v. Procter & Gamble Co.*, 707 F. Supp. 3d 932 (C.D. Cal. 2023) .................................................................................................................. 10

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989) ............... 2, 7, 9

*Nada Pac. Corp. v. Power Eng'g & Mfg.*, 73 F. Supp. 3d 1206 (N.D. Cal. 2014) .................................................................................................................. 10

*Parducci v. Overland Sols.*, 399 F. Supp. 3d 969 (N.D. Cal. 2019) ............................ 12

*Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149 (C.D. Cal. 2011) .................................................................................................................... 9

*Phillips v. Ford Motor Co.*, U.S. Dist. LEXIS 88937 (N.D. Cal. Jul. 7, 2015) .................................................................................................................... 9

*Purcelley v. Ekster Inc.*, 2024 U.S. Dist. LEXIS 62589 (C.D. Cal. Apr. 4, 2024) .................................................................................................................. 7, 8

*Rael v. Dooney & Bourke, Inc.*, 2016 U.S. Dist. LEXIS 96175 (S.D. Cal. July 22, 2016) ...................................................................................................... 6

*Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027 (N.D. Cal. 2014) ................................ 12

*Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal. 4th 979 (Cal. 2004) ................ 10

*Rubenstein v. Neiman Marcus Group LLC,* 687 F. App'x 564 (9th Cir. 2017) .................................................................................................................. 5, 8

*Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) ..................................... 12

*Sandoval v. Ali*, 34 F. Supp. 3d 1031 (N.D. Cal. 2014) ............................................... 12

*Schertzer v. Samsonite Co. Stores*, 2020 U.S. Dist. LEXIS 134014 (S.D. Cal. 2020) ............................................................................................................. 7

*Seegert v. Luxottica Retail N. Am., Inc.*, 2018 U.S. Dist. LEXIS 121071 (S.D. Cal. 2018) .................................................................................................. 7, 9

*Sowa v. Abberley*, 2012 U.S. Dist. LEXIS 196509 (C.D. Cal. Nov. 20, 2012) ................................................................................................................... 2

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ..................................................... 5

*Tappana v. Am. Honda Motor Co.*, 609 F. Supp. 3d 1078 (C.D. Cal. 2022) .................................................................................................................. 10

*Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123 (N.D. Cal. 2010) .................................................................................................................. 13

iii

**DEFENDANTS SIGNET JEWELERS LIMITED AND STERLING JEWELERS INC.'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**
**CASE NO.: 2:25-cv-06358-MCS-SSC**

*United States v. Scan Health Plan*, 2017 U.S. Dist. LEXIS 174308 (C.D. Cal. Oct. 20, 2017) ............................................................................................ 6

*United States v. United Healthcare Ins. Co.*, 848 F.3d 1161 (9th Cir. 2016) ........................................................................................................................ 5

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) .......................... 1, 4, 12

*Vizcarra v. Michael's Stores, Inc.*, 710 F. Supp. 3d 718 (N.D. Cal. 2024) ........ 6, 11, 12

*Watkins v. MGA Entm't, Inc.*, 550 F. Supp. 3d 815 (N.D. Cal. 2021) ........................... 2

*Westport Ins. Corp. v. Vasquez, Estrada & Conway LLP*, 2016 U.S. Dist. LEXIS 47917 (N.D. Cal. 2016) ................................................................................. 11

*Wildin v. FCA US LLC*, 2018 U.S. Dist. LEXIS 102583 (S.D. Cal. Jun. 19, 2018) ................................................................................................................. 9

**STATUTES**

Bus. & Prof. Code § 17200 ..................................................................................... passim

Bus. & Prof. Code § 17500 ..................................................................................... passim

Cal. Civ. Code §§ 1750–1784 ................................................................................. passim

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 3

Fed. R. Civ. P. 8(a) .......................................................................................................... 3

Fed. R. Civ. P. 9(b) ................................................................................................. passim

iv

**DEFENDANTS SIGNET JEWELERS LIMITED AND STERLING JEWELERS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**
**CASE NO.: 2:25-cv-06358-MCS-SSC**

## I. INTRODUCTION

Plaintiff MARIEE GARCIA ("Plaintiff") alleges that Defendants SIGNET JEWELERS LIMITED ("Signet") and STERLING JEWELERS INC. ("Sterling") (collectively, "Defendants") sell products on their website by advertising purported discount prices listed next to a strikethrough of a purported regular price of a product. This allegedly fraudulent conduct forms the basis for all claims alleged in the Complaint on behalf of a purported California class. ECF No. 1 ("Complaint" or "Compl."). Plaintiff's Complaint should be dismissed because the claims are not supported by well-pled factual allegations. ECF No. 15 ("Motion").

The arguments contained in Plaintiff's Opposition, ECF No. 18 ("Opposition" or "Opp."), do not save her defective Complaint. First, Plaintiff's claims all sound in fraud, but they are not pled with the requisite particularity required by Federal Rule of Civil Procedure 9(b). Additionally, Plaintiff's Complaint fails to sufficiently allege facts for each element of her claims. Further, Plaintiff's request for injunctive relief is unsupported and should be denied. Last, the Complaint's class action allegations are overbroad. Due to these pleading deficiencies, the Court should dismiss the Complaint with prejudice under Rules 9(b) and 12(b)(6).

## II. ARGUMENT

### A. Plaintiff Has Not Met Her Pleading Burden

When a plaintiff alleges "a unified course of fraudulent conduct" and relies "entirely on that course of conduct" as the basis of a claim, "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-4 (9th Cir. 2003). Here, Plaintiff alleges fraud and numerous causes of action under California consumer protection laws that are grounded in fraud under "the same, singular scheme" allegedly perpetrated by Defendants. Opp. at 4 (internal quotation marks omitted). A heightened pleading standard under Rule 9(b) thus applies to the Complaint.

1

**DEFENDANTS SIGNET JEWELERS LIMITED AND STERLING JEWELERS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 2:25-cv-06358-MCS-SSC**

Contrary to Plaintiff's claim, this is not a case where the Rule 9(b) standard should be "relaxed as to matters within the opposing party's knowledge." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Unlike intent and amounts owed, facts supporting allegations of perpetual sales are not the kind that courts generally hold to be "uniquely within the opposing party's knowledge." *Sowa v. Abberley*, 2012 U.S. Dist. LEXIS 196509, *11-12 (C.D. Cal. Nov. 20, 2012). Plaintiff claims facts of the alleged fraud are within Defendant's exclusive knowledge, but then shares screenshots purporting to show the alleged fraudulent scheme. Compl. figures 1-2. The claimed "fictitious pricing scheme" would have necessarily occurred online, in public view and knowledge. Opp. at 1. Therefore, Rule 9(b) applies.

Plaintiff also argues a reduced pleading burden applies because this is a matter involving a "fraudulent omission." Opp. at 14. This is false, as the Opposition demonstrates by alleging affirmative fraudulent actions on nearly every page. Opp. at 1 ("sales and marketing of merchandise"), 2 ("advertised"), 3 ("engage . . . in fraudulent activity"), 4 ("engaging in fraudulent activity"), 5 ("pricing"), 6 ("fraudulent sales practices"). Plaintiff's claims are not allegations of a failure to act where a reduced pleading standard can apply. *See, e.g., Kulp v. Munchkin, Inc.*, 678 F. Supp. 3d 1158, 1164 (C.D. Cal. 2023) (standards are relaxed in cases where the plaintiff cannot plead the specific time of a failure to act), *see also Watkins v. MGA Entm't, Inc.*, 550 F. Supp. 3d 815, 826 (N.D. Cal. 2021) (claims based on omissions rather than misrepresentations are subject to a reduced pleading burden). The root of Plaintiff's claims are alleged affirmative misrepresentations through a purported strikethrough pricing scheme. Therefore, the facts essential to demonstrate the alleged fraud in this Complaint must be pled with specificity under Rule 9(b).

Despite the entire Complaint sounding in fraud, Plaintiff argues that UCL and FAL claims "are never subject to Rule 9(b)'s heightened pleading standard." Opp. at 1. This is simply wrong; courts "have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations under [California consumer protection

2

DEFENDANTS SIGNET JEWELERS LIMITED AND STERLING JEWELERS INC.'S
REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 2:25-cv-06358-MCS-SSC

statutes]." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *see also Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097, 1103 (N.D. Cal 2012). Plaintiff fails to distinguish *Kearns*, *Lam*, and other cases cited in Defendant's Motion where the courts correctly apply the Rule 9(b) standard to UCL, FAL, and CLRA claims. Opp. at 1, Motion at 6-7, *citing Kearns*, 567 F. 3d, 1125 (9th Cir. 2009) (court applies Rule 9(b) pleading standard to UCL and CLRA claims), *Lam*, 859 F. Supp. 2d, 1103 (N.D. Cal. 2012) (court applies Rule 9(b) pleading standard to FAL claim), *In re Arris Cable Modem Consumer Litig.*, 2018 U.S. Dist. LEXIS 1817, *22-23 (N.D. Cal. Jan. 4, 2018) (applying Rule 9(b) to claims under the UCL, CLRA, FAL, as well as unjust enrichment).

Plaintiff offers only distinguishable decisions—including state court decisions that clearly do not control federal pleading standards—that do not establish the sufficiency of her Complaint under Rule 9(b). In one cited case Rule 9(b) did not apply because the plaintiff's complaint contained no allegations of fraud. *Castillo v. Seagate Tech., LLC*, No. 16-cv-01958-RS, 2016 U.S. Dist. LEXIS 187428, at *3 n.3 (N.D. Cal. Sept. 14, 2016). Here, Plaintiff has raised both a direct fraud claim and allegations colored in fraud. Compl. ¶¶ 7, 97. In another case, *Gruen v. EdFund*, the Plaintiff specifically "[did] not allege an overarching fraudulent scheme to defraud Plaintiff or the public." *Gruen v. EdFund*, 2009 U.S. Dist. LEXIS 60396, *14 (N.D. Cal. July 15, 2009). Plaintiff's Complaint alleges precisely such a "scheme." Opp. at 4; Compl. ¶ 97. And, the California Supreme Court decision cited by Plaintiff simply does not apply as it never addresses Federal Rule 9(b). Opp. at 1, *citing Committee on Children's Television, Inc. v. General Foods Corp.* 35 Cal. 3d 197 (1983).

Since Plaintiff's claims are "all grounded in fraud," the entire Complaint must satisfy the traditional plausibility standard of __federal__ Rules 8(a) and 12(b)(6), "as well as the heightened pleading requirements of Rule 9(b)." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018).

/ / /

### B. Plaintiff's Claims Fail to Comply with Rule 9(b).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id*. (citation and quotation marks omitted). "Thus, Rule 9(b) requires particularized allegations of the circumstances constituting fraud, including identifying the statements at issue and setting forth what is false or misleading about the statement and why the statements were false or misleading at the time they were made." *In re Rigel Pharms., Inc. Secs. Litig., Inter-Local Pension Fund GCC/IBT v. Deleage*, 697 F.3d 869, 876 (9th Cir. 2012).

Because Plaintiff's claims all rely on the same alleged course of conduct and are unsupported by any facts, the Complaint fails to comply with Rule 9(b) and should be dismissed.

### 1. Plaintiff Fails to Identify the Who, What, When, Where, and How of Alleged Misconduct.

Plaintiff claims that her Complaint properly identifies the who, what, when, where, and how of her fraud allegations, but the Opposition merely regurgitates the unsupported and insufficient allegations in the Complaint. The Court should not accept these conclusory and unsupported claims. *E.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011).

Plaintiff describes the "who" of her Complaint as "'Defendant Signet Jewelers Limited' and 'Defendant Sterling Jewelers Inc.'" Opp. at 2, quoting Compl. ¶ 13-14. Plaintiff is incorrect that it is sufficient under Rule 9(b) to simply "list[] the Defendants, separately, by full name." *Id*. at 3-4. Plaintiffs may not "'merely lump multiple defendants together . . . [but must] inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Boldt v. Caesarstone USA, Inc.*, 760

F. Supp. 3d 1016, 1024 (C.D. Cal. 2024), *quoting Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Plaintiff never specifies "who" is accused of taking actions in furtherance of the alleged pricing scheme. The Complaint is therefore insufficient because it fails to inform either Defendant of "who" acted in the alleged fraud as Rule 9(b) requires.

Case law cited by Plaintiff clearly illustrates the deficiency of the "who" in her allegations. Opp. at 3, *citing United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) (allegations dismissed against multiple defendants for failure to meet heightened pleading standards). Dismissal of collective allegations is required where "the absence of any details regarding [] particular defendants prevents [the court] from concluding the claims are sufficiently substantial to satisfy Rule 9(b)." *Id*. at 1182. Similarly, here Plaintiff does not provide the required details about which Defendant took what action, instead broadly and conclusorily assuming that all actions were part of a fraudulent scheme.

Additional cases cited by Plaintiff on the sufficiency of "who" are distinguishable. In one, two defendants had signed the same contract alleged to be breached in the action, so the court refused to dismiss charges relating to their "common scheme." *Clements Fam. Trust v. Vimmia, LLC*, 2025 U.S. Dist. LEXIS 189057 (C.D. Cal. May 27, 2025). Here, Plaintiff provides no such actual evidentiary support for her allegations of a "common scheme" amongst defendants. *Id.* In another case the "particular facts" necessary to determine fraud were likely only known to defendants. *Rubenstein v. Neiman Marcus Group LLC,* 687 F. App'x 564, 568 (9th Cir. 2017). Here, as discussed, the specific facts regarding whether the prices displayed on Defendant's website were fraudulent were available.

Unlike in *Boldt v. Caesarstone USA, Inc.*, it is not "reasonable to infer Plaintiff[] actually mean[t] both Defendants," since, again, no single, common action among Signet or Sterling is supported by facts in the Complaint. Opp. at 2, citing Compl. ¶¶ 5-6; *Boldt v. Caesarstone USA, Inc.*, 760 F. Supp. 3d 1016, 1024 (C.D. Cal. Dec. 24,

5

2024). The only fact in either the Complaint or Opposition connecting Signet and Sterling is shared corporate ownership. Compl. ¶¶ 13-14; *see United States v. Scan Health Plan*, 2017 U.S. Dist. LEXIS 174308 (C.D. Cal. Oct. 20, 2017), *22 ([T]he rule is the same when the defendants are related corporate entities.").

The Complaint is also insufficiently pled as to "where" "[o]n Defendant's 'online' store" the scheme occurred. Opp. at 2 (quoting Compl. ¶¶ 2-3). The Complaint fails to clearly specify which Defendant's web page relates to the product she purchased. *See Gavriliuc v. TEKsystems, Inc.*, 2021 U.S. Dist. LEXIS 16975, *2 (C.D. Cal. Jan 26, 2012) (Rule 9(b) not satisfied when it is "impossible to discern which allegations are targeted against which defendants.").

Further, Plaintiff fails to identify facts beyond allegations of the "when" and "what" of her claims. Courts have found conclusory allegations like Plaintiff's insufficient to satisfy Rule 9(b). *See, e.g.*, *Lisner v. Sparc Grp. LLC*, 2021 U.S. Dist. LEXIS 249558, *15-16 (C.D. Cal. 2021) (dismissing UCL, FAL, and CLRA claims where the complaint failed to provide facts of pricing investigation into the products purchased by plaintiffs). The question for the Court to consider today regarding the "when" and "what" of the allegedly fictitious sale is whether Plaintiff has demonstrated both the fact of the purchase and the existence of an ongoing pricing scheme at that time. Single, undated screenshots do not turn allegations of misleading consumers and using fictitious former pricing into facts sufficient to support Plaintiff's Complaint. *See Vizcarra v. Michael's Stores, Inc.*, 710 F. Supp. 3d 718, 730 (N.D. Cal. 2024) (multiple pieces of evidence required to establish an ongoing strikethrough pricing scheme). Those same screenshots also do not establish that a transaction occurred or the alleged date on which it occurred. Plaintiff has shown neither fact of "what" (fraudulent scheme) or "when" (purchase) in her Complaint. *See Rael v. Dooney & Bourke, Inc.*, 2016 U.S. Dist. LEXIS 96175, *9 (S.D. Cal. July 22, 2016) (UCL, FAL and CLRA claims dismissed since description of investigation "simply restate[d] conclusory statements.").

The cases cited in Defendants' Motion are directly on point. *See, e.g., Seegert v. Luxottica Retail N. Am., Inc.*, 2018 U.S. Dist. LEXIS 121071, *8-10 (S.D. Cal. 2018) (dismissing UCL, FAL, and CLRA claims where plaintiff failed to allege pricing investigation into the exact product plaintiff purchased and merely made conclusory allegations that the product was never sold at its original price); *see also Lisner v. Sparc Grp.*, 2021 U.S. Dist. LEXIS 249558, at *16 (dismissing UCL, FAL, and CLRA claims where the complaint failed to allege any pricing investigation into the products purchased by plaintiffs); *see also Schertzer v. Samsonite Co. Stores*, 2020 U.S. Dist. LEXIS 134014, at *12-13 (S.D. Cal. 2020) (dismissing UCL, FAL, and CLRA claims under Rule 9(b) standard where plaintiff did not allege that her counsel's investigation revealed that the product she purchased had not been offered at the advertised 'retail' price in the 90 days preceding her purchase).

As a result of the foregoing, Plaintiff's allegations do not satisfy Rule 9(b)'s heightened pleading standard, and the Court should dismiss Plaintiff's Complaint in its entirety.

### 2. Allegations Made on Information and Belief Are Inadequate

The Court should also dismiss Plaintiff's Complaint because it is almost entirely based on allegations made on information and belief. "[A]llegations based on information and belief usually do not satisfy the particularity requirements under [R]ule 9(b)." *Moore*, 885 F.2d 531, 540.

"In fraudulent pricing cases, the sufficiency of a pleading under Rule 9(b) usually hinges on which type of case it is." Opp. at 5, *citing Purcelley v. Ekster Inc.*, 2024 U.S. Dist. LEXIS 62589, *10-11 (C.D. Cal. Apr. 4, 2024) (distinguishing between "exclusive product" claim (an allegation based on a former price comparison from the same seller like the one contained in the Complaint) and "non-exclusive product" claim (an allegation based on comparative price comparisons between different sellers)). Plaintiff is wrong arguing that a "difference in pleading standards" is generally required in exclusive product claims. Opp. at 5.

Here, the Complaint's alleged former price comparisons are exclusive product claims subject to Rule 9(b), and may not be based on information and belief at the pleading stage. *See Purcelley*, 2024 U.S. Dist. LEXIS 62589, *12. Indeed, Plaintiff's Opposition illustrates why *Rubenstein* is irrelevant. Opp. at 5. *Rubenstein* is a non-exclusive ("**Compared To**") products case. *Rubenstein v. Neiman Marcus Group LLC*, 687 F. App'x 564, 568 (9th Cir. 2017) (emphasis added). "Here, Plaintiff makes it clear that the matter at hand is an exclusive products case." Opp. at 6. Plaintiff's own cited law, properly stated, confirms that Rule 9(b) should apply to the sufficiency of these exclusive product fraud claims.

Further, Plaintiff misstates the holding in an additional case where the court held an exclusive product claim should be reviewed under Rule 9(b) standards. Opp. at 5 *citing Gonzalez v. Childs. Place, Inc.*, 2024 U.S. Dist. LEXIS 213358, *24 (C.D. Cal. Nov. 21, 2024). In *Gonzalez*, the plaintiff's claims of fraud were allowed to proceed because, unlike this Complaint, the facts supporting the allegations were sufficient under Rule 9(b). *Id*. No lesser standard of review was applied.

In short, Plaintiff does not allege any actual facts supporting or plausibly establishing the beliefs and conclusions asserted in her Complaint. Accordingly, Plaintiff failed to satisfy the heightened pleading standard with regard to the exclusive product claims under the UCL, FAL, and CLRA. *Purcelley v. Ekster Inc.*, 2024 U.S. Dist. LEXIS 62589, *12( C.D. Cal. Apr. 4, 2024). The Complaint should be dismissed with prejudice.

### C. Plaintiff's Request for Injunctive Relief Is Insufficient

Plaintiff's Complaint does not plausibly plead that she lacks an adequate remedy at law, and therefore her requests for injunctive relief should be dismissed with prejudice. Contrary to her protestations, the Complaint simply does not plead a lack of adequate legal remedy relating to her CLRA, FAL, fraud, or unjust enrichment claims. *See* Compl. ¶ 48-61, 62-69, 93-97, 98-103. Therefore, the court should only consider Plaintiff's request for injunctive relief under her UCL claim.

8

DEFENDANTS SIGNET JEWELERS LIMITED AND STERLING JEWELERS INC.'S
REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO.: 2:25-cv-06358-MCS-SSC

The Complaint states Plaintiff lacks a legal remedy for only the UCL claims. Compl. ¶ 91. However, "[i]n general, a plaintiff may only seek equitable relief under the UCL if [s]he has no adequate legal remedy at law." *Eason v. Roman Catholic Bishop of San Diego*, 414 F. Supp. 3d 1276, 1282 (S.D. Cal. 2019). "Several district courts have dismissed UCL claims that are based on the same facts as other claims seeking legal remedies," specifically in cases where the allegations under the UCL are only supported by conclusory allegations. *Id.*, citing *Wildin v. FCA US LLC*, 2018 U.S. Dist. LEXIS 102583, *20 (S.D. Cal. Jun. 19, 2018); *see also Phillips v. Ford Motor Co.*, U.S. Dist. LEXIS 88937, *53 (N.D. Cal. Jul. 7, 2015) (dismissing UCL claim at pleading stage).

The Complaint should be dismissed because it does not claim or establish the inadequacy of a remedy at law for most claims, and courts in this circuit regularly dismiss claims for injunctive relief under the UCL that are themselves supported by only conclusory allegations as implausible.

### D. Plaintiff Fails to State a Fraud Claim

Plaintiff has not plausibly alleged, with the specificity required by Rule 9(b), that Defendants' strikethrough prices are false or fictitious. As discussed, this is not a case where the pleading standard should be relaxed, because relevant information is not exclusively within the control of the defendants. *E.g., Moore*, 885 F.2d 531, 540. Rule 9(b) pleading standards should apply. Neither Plaintiff's personal experience, nor the purported investigation of her counsel, plausibly alleges Defendants acted fraudulently, as required by Rule 9(b). *See Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1159 (C.D. Cal. 2011) (elements of common law fraud claim).

Far from demonstrating a "robust factual basis," the Opposition simply repeats the conclusory statements from the Complaint. Opp. at 14. An undated screenshot of a single online listing of just a few products is not an adequate factual basis from which to allege an ongoing pricing scheme allegedly spanning all products sold by Defendants over a period of years. *See, e.g., Seegert v. Luxottica Retail N. Am., Inc.*, 2018 U.S. Dist. LEXIS 121071, *8-10 (S.D. Cal. 2018) (dismissing UCL, FAL, and CLRA claims

where plaintiff failed to allege pricing investigation into the exact product plaintiff purchased and merely made conclusory allegations that the product was never sold at its original price). Further, without proof of purchase, Plaintiff cannot establish a transaction on which to base a duty to disclose to support allegations of fraud. *E.g., Bigler-Engler v. Breg, Inc.*, 213 Cal. Rptr. 3d 82, 113 (2017). Because Plaintiff admits the screenshots do not relate to her purchases, Opp. at 16, Plaintiff concedes she does not provide any supporting allegations regarding her purchase.

Plaintiff also fails to demonstrate the requisite intent for fraud. It is not possible for Plaintiff to plausibly establish the state of mind required for fraud since the Complaint points to no specific facts of any action taken by either Defendant that could be motivated by intent to commit fraud. "Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Ashcroft v. Iqbal*, 556 U.S. at 686-7. Therefore, claims of fraud should be dismissed.

### E. Plaintiff's Claims Are Barred by the Economic Loss Doctrine.

Plaintiff contends the economic loss doctrine does not bar fraudulent omission claims. Opp. at 16. There is an exception to the economic loss rule that states "when one party commits a fraud during the contract formation or performance, the injured party may recover in contract and tort." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (Cal. 2004) (quoting *Harris v. Atlantic Richfield Co.,* 14 Cal. App. 4th 70, 78 (Cal. Ct. App. 1993). However, this exception is "narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff relies and which expose a [party] to liability for personal damages independent of the plaintiff's economic loss." *Id.* at 993. Ninth Circuit courts have consistently stated that the narrow scope of this exception applies only where the plaintiff is exposed to "liability for personal damages independent of the plaintiff's economic loss." *See, e.g.*, *Tappana v. Am. Honda Motor Co.*, 609 F. Supp. 3d 1078, 1089 (C.D. Cal. 2022); *Mendoza v. Procter & Gamble Co.*, 707 F. Supp. 3d 932, 944 (C.D. Cal. 2023); *Nada Pac. Corp. v. Power Eng'g & Mfg.*, 73 F. Supp. 3d 1206, 1224 (N.D. Cal. 2014). That is not the case

here.

A claim "paralleling a contract claim that prays only for economic damages will be barred by the economic loss rule unless the plaintiff alleges both that the defendant made an affirmative misrepresentation, and that the defendant's misrepresentation exposed the plaintiff to independent personal liability." *Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962, 970 (N.D. Cal. 2016) (dismissing misrepresentation claim where plaintiff failed to allege that the "representation opened them up to independent personal liability"); *see also Westport Ins. Corp. v. Vasquez, Estrada & Conway LLP*, 2016 U.S. Dist. LEXIS 47917, *18-19 (N.D. Cal. 2016) (dismissing fraud and negligent misrepresentation claims where plaintiff alleged the same conduct and economic loss as its breach of contract claim). Plaintiff can make no such argument.

Plaintiff's fraud claims rely on the same deficient allegations as all her other claims. The Complaint does not allege personal damages independent of Plaintiff's alleged economic loss. Therefore, Plaintiff's fraudulent omission claims are barred by the economic loss doctrine.

### F. Plaintiff Fails to State a Claim for Unjust Enrichment.

Like Plaintiff's other claims, Plaintiff's unjust enrichment claim fails to comply with Rule 9(b). Plaintiff's unjust enrichment claim is legally deficient because "[w]rongful conduct does not provide a basis for restitution unless there is a benefit unjustly retained by the defendant at the plaintiff's expense[,]" and Plaintiff has failed to allege a benefit unjustly retained by either Defendant. *Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 732 (N.D. Cal. 2024).

Plaintiff alleges that "Defendants' sales tactics are not offered in good faith and are made for the sole purpose of deceiving and inducing consumers into purchasing Products they otherwise would not have purchased." Compl. ¶ 33. However, Plaintiff has provided no factual support for her allegations. The Complaint does not provide any facts to establish action taken by either Defendant that would give rise to liability, even

1 under a quasi-contract theory, and therefore fails to allege a benefit unjustly retained by either Signet or Sterling. Moreover, Plaintiff's allegations regarding strikethrough pricing are insufficient to plead the payment of a price premium. *See Vizcarra*, 710 F. Supp. 3d at 732 (dismissing unjust enrichment claim, in part, because allegations of fictitious pricing were insufficient to allege plaintiff's payment of a price premium).

As discussed above, Plaintiff fails to allege basic facts regarding her purchase. Like Plaintiff's other claims, she has failed to plead facts sufficient to show "what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Moreover, Plaintiff's unjust enrichment claim necessarily depends "upon the viability of the Plaintiff['s] other claims[,]" which are themselves insufficient. *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 989 (N.D. Cal. 2009). Therefore, Plaintiff's unjust enrichment claim should be dismissed.

### G. The Court Should Strike the Complaint's Class Allegations.

This Court has regularly held that "[a] defendant may move to strike class actions prior to discovery where the complaint demonstrates a class action cannot be maintained on the facts alleged therein." *Parducci v. Overland Sols.*, 399 F. Supp. 3d 969, 975 (N.D. Cal. 2019) (quoting *Allagas v. BP Solar Int'l, Inc.*, 2014 U.S. Dist. LEXIS 55857 (N.D. Cal. Apr. 21, 2014)).

Accordingly, this Court has also regularly struck class allegations at the motion to dismiss stage where the proposed class could not be maintained. *See, e.g.*, *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1044 (N.D. Cal. 2014) (striking class allegations where "the proposed class [was] overbroad because it [included] as class members employees who are not paid based on the 'piece rate system' that is the focus of Plaintiffs' allegations"); *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1045-1046 (N.D. Cal. 2014) (striking class allegations because the class definition was overbroad "as it [included] within the class individuals who have not experienced any issue or defect with their 27-inch iMac"); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class allegations where the class definition included "all persons" in the U.S. "who own

a 20–inch Aluminum iMac" but such "definition necessarily include[d] individuals who either did not see or were not deceived by advertisements, and individuals who suffered no damages."); *Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1146-1147 (N.D. Cal. 2010) (striking class allegations because the putative class included "members who have not experienced any problems with their Machines' Electronic Control Boards"); *Lyons v. Bank of Am.*, 2011 U.S. Dist. LEXIS 145176, *20 (N.D. Cal. 2011) (striking class allegations "[b]ecause the proposed class includes many members who have not been injured").

Here, the Complaint proposes a class which includes "all consumers who purchased the Products during the applicable statute of limitations period in California." Compl. ¶ 39. This proposed class is overbroad because it would include members who have not been injured in the same way as Plaintiff. In other words, the proposed class would include consumers who purchased a Product in-store or who did not rely on the strikethrough price and therefore did not suffer the same injury as Plaintiff. Therefore, Plaintiff's proposed class is overbroad and cannot be maintained, and the Court should strike Plaintiff's class allegations.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to dismiss Plaintiff's Complaint with prejudice.

Dated: November 5, 2025         VORYS, SATER, SEYMOUR AND PEASE LLP

By: /s/ *Thomas N. McCormick*
    Thomas N. McCormick
    Attorney for Defendants
    SIGNET JEWELERS, LIMITED and
    STERLING JEWELERS INC.